**Desiree Mines, Ltd. v. Provident National Bank**

*Thomas M. Guinan*, for plaintiff.
*Jon C. Sirlin*, for defendant.

JAMISON, *J.*, June 15, 1978—This matter is before the court on plaintiff's preliminary objections to defendant's new matter and counterclaim. A complaint in assumpsit was filed by Desiree Mines, Ltd., against Provident National Bank alleging that the bank had paid the proceeds of a $6,900 check, payable to Desiree Mines, Ltd., to plaintiff's president, James L. Wilson, upon Mr. Wilson's unauthorized endorsement. In its answer, new matter and counterclaim, defendant alleged that Wilson and the other two officers of Desiree conspired to defraud Arsen Kashkashian, the owner of the premises which he had leased to plaintiff. The officers, it is alleged, made a fraudulent claim against the lessor for water damage which they intentionally caused to the premises. The claim was settled for $6,900 and Kashkashian delivered the check in that amount to Wilson. Shortly thereafter, the remaining officers admitted they had defrauded Kashkashian and signed written confessions.

Defendant bank avers that the admitted fraud of plaintiff's officers, who, it contends, were acting within the scope of their authority, created a cause of action in Kashkashian, as well as a defense to any suit by Desiree against him for the fund in question. It is argued that Provident, pursuant to section 4-407 of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §4-407, is subrogated to the rights and defenses of Kashkashian, the drawer or maker. The counterclaim requests compensatory damages in the amount of $6,900 plus interest from January 30, 1974, punitive damages in an amount in excess of $10,000, as well as costs and counsel fees.

Plaintiff contends that section 4-407 is not applicable because it is limited to situations involving stop payment orders or where the maker or drawer could have a basis for objecting to the payor bank making payment on the check. It further argues that Provident improperly asserts as a defense the alleged fraud perpetrated on a third person who is not a named party and who has not and could not object to the payment which it contends arose from the negligence of defendant bank and not the fraud of plaintiff's officers.

Section 4-407 of the Uniform Commercial Code provides, "If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights . . . (c) of the drawer or maker against the payee or any other holder of the item with respect to

the transaction out of which the item arose." Although most of the reported cases under this section pertain to stop orders, the section is not restricted to such situations but rather extends to circumstances giving a basis for objection by the drawer or maker. Its purpose is to subrogate the bank to the rights of the drawer or maker against the payee or other holder with respect to the transaction out of which the item arose and thereby to provide the bank with a remedy against the unjust enrichment of a party and the inability of that bank to assert a claim or defense of a third party: South Shore National Bank v. Donner, 104 N. J. Super. 169, 249 A. 2d 25 (1969). In Donner, which involved an action by a bank to recover the amount of a check in settlement of the payee's claim for burglary loss, the right of subrogation was recognized not only against the payees but also against a corporation and its president who allegedly conspired with the payees to defraud the drawer. The court held that the bank's right of subrogation was an equitable one and broad enough to reach all those concerned in the fraud: 104 N. J. Super. at 178, 249 A. 2d at 30 (1969), quoting 3 Pomeroy, Equity Jurisprudence §918 at 601 (5th ed. 1941).

Considering the broad, equitable nature of the remedy, this court finds that the alleged fraud which occasioned the delivery of the check to Wilson is sufficiently related to presentation of the check to Provident to constitute a transaction out of which the instrument arose and to fall within the purview of section 4-407.

Plaintiff's contention that defendant's counterclaim violates Pa.R.C.P. 1031(a), which requires that the cause of action arise from the same transaction or series of transactions or occurrences

from which plaintiff's cause of action arose, is also without merit.

The purpose and language of Uniform Commercial Code section 4-407 contradicts the argument of plaintiff that unless the payor, Kashkashian, is a named party to the action, defendant cannot raise any of the facts or defenses which run to the third party. In D. Brewster Bumper Corp. v. Irwin Savings & Trust Co., 44 D. & C. 2d 138 (1967), it was held under UCC §4-407 that the bank was subrogated to the rights of the payee and the only matters which plaintiff could raise to defeat the bank's claim of subrogation were those that could be raised against the payee if the payee were bringing the action. The drawer of the check in the instant matter can defeat plaintiff's claim based upon that instrument by proving the fraud perpetrated upon him by plaintiff. It is clear that defendant can raise all defenses available to the third party and pursue all claims available to that third party, including its claim for punitive damages.

Plaintiff also argues that the verification and affidavit attached to defendant's answer, new matter and counterclaim were improperly taken by defendant's counsel and not by defendant itself. Plaintiff cites Pa.R.C.P. 1024(a) which reads, in part: "Every pleading containing averments of facts not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief." Defendant bank, as a business corporation, can act only through its agents, officers, and employes. Verification by counsel, acting upon such knowledge, information or belief, clearly satisfies the requirements of Rule 1024(a).

## ORDER

And now, June 1, 1978, plaintiff's preliminary objections are denied. Plaintiff is granted leave to file a reply to defendant's new matter and counterclaim within 20 days from the date hereof.